IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

PATRICIA SMITH,                       §
     Plaintiff,                     §
                                   §
v.                                    §         CIVIL CASE NO. H-06-3278
                                   §
JOHN E. POTTER, *et al.*,             §
     Defendants.                    §

## MEMORANDUM AND ORDER

Defendant National Association of Letter Carriers Local Branch 283 (the "Union") filed a Motion to Dismiss [Doc. # 15], to which Plaintiff failed to respond. Concluding that Plaintiff's claim against the Union was time-barred, the Court granted the Union's Motion to Dismiss. *See* Memorandum and Order [Doc. # 21]. The case is now before the Court on Plaintiff's Motion for Reconsideration [Doc. # 22].[1] Prior to ruling on the Motion for Reconsideration, the Court granted leave for Plaintiff to file an untimely response to the Union's Motion.

Plaintiff filed her Response [Doc. # 25], in which she argues that the six-month statute of limitations established in *DelCostello v. International Bhd. of Teamsters*, 462

---

[1]    Plaintiff does not cite the legal basis for her Motion for Reconsideration but, since it was filed within the 10-day requirement for Rule 59(e) relief, the Court will treat the Motion for Reconsideration as filed pursuant to that federal rule. *See Shepherd v. Int'l Paper Co.,* 372 F.3d 326, 327 n. 1 (5th Cir. 2004) ("If the motion is filed within ten days of the judgment or order of which the party complains, it is considered a Rule 59(e) motion; otherwise, it is treated as a Rule 60(b) motion.").

U.S. 151, 169-71 (1983), does not apply because Plaintiff is asserting a claim that the Union interfered with her "guaranteed union rights", not a fair representation claim. Plaintiff also argues that the six-month statute of limitations, if applicable, did not accrue by January 6, 2006, the date she filed her charge with the National Labor Relations Board ("NLRB") alleging that the Union failed to represent her fairly and properly, because (1) the Union could have later – either on its own or because ordered to do so by the NLRB – pursued a grievance on her behalf in connection with the termination of her employment and (2) she did not know "what a 'breach of the duty of fair representation' is, and certainly did not know when it would have started to run." *See* Response [Doc. # 25], p. 2.  Because Plaintiff has not presented a legal or factual basis for delaying the accrual of or for tolling the six-month statute of limitations, the Court denies Plaintiff's Motion for Reconsideration.

Plaintiff first argues that the six-month *DelCostello* statute of limitations does not apply because her claim is not a fair representation claim, but is instead a claim that the Union interfered with her "guaranteed union rights." In her Complaint, Plaintiff alleges that the Union failed to file a timely grievance challenging the termination of her employment. *See* Complaint [Doc. # 1], p. 7. Plaintiff also alleges that the Union's President knowingly interfered with Plaintiff's union rights. *See id.* at 8. Regardless how Plaintiff attempts to characterize her claim, "duty-of-fair-representation claims are

allegations of unfair, arbitrary, or discriminatory treatment of workers by unions." *See DelCostello*, 462 U.S. at 170.  A union breaches its duty of fair representation "by arbitrarily refusing to pursue a claim through the grievance process or by doing so in a perfunctory or otherwise inadequate manner." *Mitchell v. Continental Airlines, Inc.*, ___ F.3d ___, 2007 WL 678472 *5 (5th Cir. Mar. 7, 2007).  The Court concludes, as it did in the Memorandum and Order granting the Union's Motion to Dismiss, that Plaintiff's claim against the Union in this case is a fair representation claim subject to a six-month statute of limitations.

The limitations period for a fair representation claim begins to run when the union member "knew or reasonably should have known that [a breach of the duty of fair representation] had occurred." *Kavowras v. New York Times Co.*, 328 F.3d 50, 55 (2d Cir. 2003) (citation omitted).  The Court held that Plaintiff's claim against the Union accrued no later than January 6, 2006, the date she filed her charge with the National Labor Relations Board alleging that the Union failed to represent her fairly and properly.[2]  *See id.*; *see also Wood v. Houston Belt & Terminal Ry.*, 958 F.2d 95, 98 (5th Cir. 1992) (six-month statute of limitations began to run no later than date the

---

[2]      Plaintiff stated in her NLRB charge, filed January 6, 2006, that in December 2005 "the Union failed and refused to process a grievance on behalf of Patricia Ann Smith concerning her removal for unlawful reasons."  *See* NLRB Charge, Exh. A to Union's Motion to Dismiss.

plaintiff alleged before the Equal Employment Opportunity Commission that the union failed to represent her properly).

Plaintiff now argues that her claim against the Union is not untimely because the NLRB could have ordered the Union to pursue a grievance on Plaintiff's behalf in connection with the termination of her employment, or the Union could have done so voluntarily.  Plaintiff also argues that the claim is not untimely because she is not an attorney and did not know what a fair representation claim is or when it must be filed. Neither claim provides legal support for Plaintiff's Motion for Reconsideration. Plaintiff's "knowledge of the *legal* basis for her claim against the Union is irrelevant; the statute of limitations begins to run when a potential plaintiff has knowledge of facts which could support a legal remedy." *Id.* (emphasis in original).  In this case, Plaintiff knew the facts supporting her claim against the Union no later than January 6, 2006. Indeed, she asserted them in her NLRB charge.  Moreover, Plaintiff's claim against the Union accrued when she knew or reasonably should have known that a breach of the Union's duty of fair representation had occurred, not when she became convinced that the Union was not going to change its mind and pursue a grievance on her behalf.

Plaintiff's claim against the Union, filed October 16, 2006, is barred by the six-month statute of limitations.  As a result, the Court properly granted the Union's Motion to Dismiss and it is hereby

**ORDERED** that Plaintiff's Motion for Reconsideration [Doc. # 22] is

**DENIED**.

SIGNED at Houston, Texas, this **9th** day of **April, 2007**.

Nancy F. Atlas
United States District Judge